**SO ORDERED.**

**SIGNED this 27 day of July, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

CAREMERICA, INC.,                   CASE NO: 06-02913-8-JRL
                                                          Chapter 7

       Debtor.

JAMES B. ANGELL, TRUSTEE,

       Plaintiff

vs.

ANN H. DAY, CAPE ASSOCIATES,
LLC, CHRISTOPHER HAVERI, DAWN        ADVERSARY PROCEEDING
O. ROWLAND and/or WALTER D.            NO. L-08-00181-8-JRL
ROWLAND, DIXON HOUSE, LLC,
DONA H. BURRELL, FAYETTEVILLE
PUBLIC WORKS COMMISSION, FIRST
EASTERN, LLC, INSTITUTION FOOD
HOUSE, INC., OPESNET CORPORATION,
RALEIGH ASSISTED LIVING, LLC,
ROBERT D. SHELLEY, SAUNDRA
ETHERIDGE, STANLEY E. BRUNSON,
JR. and BRIDGETT SHELLEY,

       Defendants.

_____

**ORDER**

The matters before the court are the motions to dismiss the adversary proceeding by Christopher Haveri, Dixon House, LLC, Dona H. Burrell, First Eastern, LLC, Opesnet Corporation, Raleigh Assisted Living, LLC, Saundra Etheridge and Stanley E. Brunson, Jr. (the "Movants"); the motion for leave to amend pleadings by the trustee; and the motion for severance of claims by First Eastern, LLC and Raleigh Assisted Living, LLC.  The court held a hearing on these matters on May 21, 2009 in Raleigh, North Carolina.  This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing granting the motions to dismiss and motion for leave to amend and granting in part the motion for severance.

**JURISDICTION AND PROCEDURE**

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

**UNDISPUTED FACTS**

1. On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., and The Meadows of Wilmington, Inc. each filed a petition for relief under chapter 11 of the Bankruptcy Code.  These cases were subsequently converted to cases under chapter 7.  On February 4, 2008, the court entered an order allowing the substantive consolidation of the debtors and the appointment of a trustee. These consolidated cases are administered under the case of Caremerica, Inc., 06-02913-8-JRL.

2. On the date of petition, the debtors operated adult care homes in eastern North Carolina. The debtors leased the buildings used to operate these adult care homes.

3. Ronald E. Burrell and Michael R. Elliott are shareholders and officers of the debtors.

4. The trustee filed an adversary proceeding against the defendants on September 15, 2008. The trustee sought in his complaint to avoid and recover certain alleged preferential and fraudulent transfers made by the debtors to the defendants. Attached to the complaint was Exhibit A, which contained a table of transfers showing the amounts of the alleged transfers and a description of each defendant as either an insider or non-insider.

5. On December 23, 2008, the trustee filed a motion to amend complaint in which the trustee sought to include more information regarding the nature of claims asserted in the original complaint.

6. Between November 4, 2008 and April 27, 2009, various defendants filed motions to dismiss the adversary proceeding for failure to state claims upon which relief can be granted.

7. On March 5, 2009, First Eastern, LLC and Raleigh Assisted Living, LLC filed a motion for severance of claims.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). A pleading which

states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2); FED. R. BANKR. P. 7008.  A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## ANALYSIS

**1.  Motions to Dismiss Preference Claims**

The Movants contend that the trustee's complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6).  Specifically, the Movants assert that the complaint fails to allege facts sufficient to show why the trustee is entitled to avoid alleged preferential transfers under § 547 of the Bankruptcy Code.  The Supreme Court recently adopted a heightened pleading standard for claims for relief under Rule 8(a)(2) and the requirements for claims to survive a motion to dismiss under 12(b)(6).  The court examined this heightened pleading standard and its relationship to the trustee's claims to avoid transfers under § 547 of the Bankruptcy Code in the related adversary proceeding Angell v. BER Care, Inc., et al., No. L-08-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009).  The court incorporates the analysis and pleading requirements for preference claims set forth in Angell v. BER Care, Inc. into this order.[1]

Pursuant to the Supreme Court's holdings in Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[1] The trustee in the case at bar filed multiple adversary proceedings against various parties seeking to avoid and recover alleged preferential and fraudulent transfers.  In Angell v. BER Care, Inc., the court analyzed the pleading standard for preferential and fraudulent transfer claims in light of two recent Supreme Court opinions, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009).  This order should be read in conjunction with the court's opinion in Angell v. BER Care, Inc.

127 S. Ct. 1955 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (U.S. 2009), the complaint of the trustee must satisfy a two-pronged test in order to overcome a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  Under this two-pronged test, the trustee must plead sufficient factual allegations to establish a § 547 preference claim for relief that is plausible.[2]  Because a preference cause of action consists of several elements, the court will address each element in turn.

A.  Transfer of an Interest of the Debtor in Property

      Section 547(b) provides that a trustee may avoid "any transfer of an interest of the debtor in property . . . ."  11 U.S.C. § 547(b).  The trustee alleged in his complaint that the debtors transferred funds by and through Stanley E. Brunson, Jr. ("Brunson") using the name "Meadows II" as a conduit through which funds were distributed to the defendants.  In support of this assertion, the trustee attached to his complaint Exhibit A, which contained a list of transfers by transferee and specified the total amount of funds transferred to each defendant.   However, the

---

    [2]Section 547(b) provides:

  (b) Except as provided in subsection (c) and (i) of this section the trustee may avoid any transfer of an interest of the debtor in property –
     (1) to or for the benefit of a creditor;
     (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
     (3) made while the debtor was insolvent;
     (4) made –
         (A) on or within 90 days before the date of the filing of the petition; or
         (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
     (5) that enables such creditor to receive more than such creditor would receive if
         (A) the case were a case under chapter 7 of this title;
         (B) the transfer had not been made; and
         (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

ability of the trustee to avoid a preferential transfer under § 547 is limited to "a transfer of *an interest of the debtor in property*." 11 U.S.C. § 547(b) (emphasis added). Therefore, a claim for relief under § 547 must assert facts showing that the debtors had an interest in the property exchanging hands.

In Angell v. BER Care, Inc., No. L-09-00174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009), the trustee asserted substantially similar facts in support of his claims to avoid preferential transfers, including allegations that the debtors transferred funds to a bank account as a conduit through which the funds were distributed to the defendants. However, this court found that the trustee failed to allege facts sufficient to satisfy the heightened pleading standard for preference claims. The court adopts the reasoning set forth in Angell v. BER Care, Inc. in determining that the complaint in the case at bar fails to show that it is plausible that the debtors transferred an interest in property.

B. To or for the Benefit of a Creditor

Count I of the trustee's complaint asserts that "each preferential transfer was made to or for the benefit of the defendant as a creditor of the transferor." Count III provides that "each preferential transfer was made to or for the benefit of Defendant Stanley E. Brunson, Jr. as a creditor of the transferor." Additionally, the trustee alleged in his complaint that the debtors disbursed funds through Meadows II bank accounts to the defendants. In support of these assertions, the trustee provided the total amounts of transfers made to each defendant. The court finds that the names of transferees and the total amounts of transfers allegedly received by each

transferee are facts which support the allegations that funds were transferred to the defendants.[3] However, the trustee must assert facts showing it is plausible that the transferees were creditors of the debtors. The status of a transferee as a creditor is related to the existence of an antecedent debt, which is the next element of a preference claim.

C. For or on Account of an Antecedent Debt

Section 547(b)(2) requires that a preferential transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). In Valley Media, the Delaware Bankruptcy Court held that "the nature and amount of the antecedent debt" was necessary to show entitlement to relief under a preferential transfer theory. Valley Media, 288 B.R. at 192. This court agrees that the trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief.[4] In the case at bar, the trustee's complaint makes the conclusory assertion that each preferential transfer was made "for, or on account of, an antecedent debt owed by the Transferor to the Defendant before the transfer was made." However, the trustee fails to assert facts supporting the existence of an antecedent debt owed by the debtors to the defendants. In order to satisfy the pleading

---

[3] The total amount of funds transferred and the names of transferees are insufficient, without more, to satisfy the plausibility standard for § 547 preference claims. Additional requirements, such as the dates and amounts of each transfer, are addressed in separate sections of this order. The trustee's motion to amend complaint included a reference to an exhibit outlining the dates, amounts, methods, and names of transferors with respect to each transfer, as well as copies of the debtors' records, including bank statements and cancelled checks. However, no such exhibit was filed with the motion to amend complaint.

[4] Valley Media was decided prior to the Supreme Court cases of Twombly and Iqbal. However, Valley Media is significant because the Delaware Bankruptcy Court adopted a heightened pleading standard for § 547 preference claims. See Angell v. BER Care, Inc. for the court's examination of the significance of Valley Media in light of Twombly and Iqbal.

requirements under Iqbal, the court finds that the trustee is obligated to allege facts regarding the nature and amount of the antecedent debt which, if true, would make the existence of an antecedent debt plausible.[5]

D. Made while the Debtor was Insolvent

The court refers to Part D of its opinion in Angell v. BER Care, Inc., et al., No. L-08-000174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009) in finding that the trustee's complaint fails to allege facts in support of the debtors' insolvency on the dates of the alleged transfers. The court further finds that a complaint asserting the presumption of insolvency under § 547(f) for transfers made during the 90-day period prior to the petition date must specify the dates on which the transfers were made.

E.  Within 90 Days, or Within One Year if the Creditor was an Insider

The date on which the alleged transfer occurred is critical to ascertaining whether the transfer is subject to avoidability under § 547.  Generally, a transfer is avoidable under § 547 if it was made within the 90-day period before the date of the filing of the petition. 11 U.S.C. § 547(b)(4)(A).  However, if the claimant alleges that the creditor receiving the benefit of the transfer was an insider, the transfer is avoidable if it occurred between 90 days and one year prior to the petition date.  Id. § 547(b)(4)(B).  The trustee asserts in his complaint that transfers were made "to each Defendant who is alleged to be an Insider . . . during the one year period prior to the petition date . . . ."  With respect to the timing of the transfers, the trustee's assertion

---

[5]The trustee's motion to amend complaint seeks to allege that the debtors are "indebted to Stanley E. Brunson on account of loans and/or advances made by Defendant Brunson to the Debtors." This allegation supports the trustee's third claim for relief, which seeks avoidance of transfers to Stanley E. Brunson, Jr under an immediate or mediate transferee theory. However, this proposed amendment fails to identify the amount of such loans and advances.

8

is, on its own, a mere recitation of the elements comprising § 547(b)(4)(B).  In order to plead facts in support of the timing element of a preference claim, the trustee must allege specific dates corresponding with each transfer.  The trustee's complaint fails to specify dates for each transfer and therefore cannot satisfy the heightened pleading standard for preference claims.

Additionally, the trustee must address whether the transferee is an insider of the debtors when alleging preferential transfers between 90 days and one year prior to the petition date.  In Oakwood Homes, the Delaware Bankruptcy Court considered whether a preference claim alleging that defendants were insiders was sufficient to overcome a motion to dismiss.  In re Oakwood Homes, 340 B.R. 510 (Bankr. D. Del. 2006).  The complaint in Oakwood Homes alleged that the defendants were insiders because they were "in control of the debtors," affiliates, and "managing agents" of the debtors.  Id. at 524.  In addition, the complaint described the relationships between the debtors and the defendants.  Id. at 522.  Acknowledging that it was obligated to accept as true "all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," the Court determined that the complaint alleged a relationship in which the defendants dominated and controlled the debtors.  Id. (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  As a result, the Court determined that the complaint alleged an adequate factual basis in support of the assertion that the defendants were insiders.  Oakwood Homes at 524.

With respect to Count I in the case at bar, the trustee's complaint includes a list of transferees and specifies which transferees are alleged to be insiders.  However, the mere labeling of transferees as insiders is not enough to establish a reasonable inference of insider status.  Unlike the complaint in Oakwood Homes, the trustee's complaint provides few details

9

regarding the relationship between the defendants and the debtors. Importantly, the complaint fails to address in what capacity the defendants are insiders of the debtors. The trustee's assertion that the defendants "are insiders as that term is defined in § 101(31) and used in § 547(b)" is conclusory and insufficient without supporting facts. The court finds that a § 547 preference claim alleging insider status must include the basis for asserting that a defendant qualifies as an insider under § 101(31) and facts showing that the alleged relationship is plausible.

      Count III of the trustee's complaint seeks to avoid transfers made to Stanley E. Brunson, Jr. under an immediate or mediate transferee theory. The complaint asserts that Brunson is an insider and alleges that funds were transferred to a bank account in the name of Meadows II for which Brunson had sole signatory authority. The complaint further alleges that Brunson worked in the accounting offices of Caremerica, Inc. Based on these assertions, the court finds that the trustee has pleaded facts in support of an insider relationship between Brunson and the debtors. However, the court finds that Brunson's status as an insider is not plausible because the facts alleged fail to satisfy the definition of an insider as provided under § 101(31). Section 101(31) provides that insiders of a corporate debtor include directors, officers, general partners, and persons in control of the debtor, as well as relatives of such persons. 11 U.S.C. § 101(31). In contrast, the trustee's complaint merely alleges that Brunson "worked in the accounting offices of Caremerica, Inc." Although the list of potential insiders in § 101(31) is not exclusive, the court finds that the allegation that Brunson is an employee of the debtor fails to give rise to an insider relationship typically reserved for persons possessing controlling authority.

F.  Enabled Creditor to Receive More than it would under Chapter 7

For the reasons expressed in Part F of the court's opinion in the related case <u>Angell v. BER Care, Inc.</u>, the court finds that the pleadings are sufficient with respect to this element of a § 547 preference claim.

**2.  Motion to Dismiss Fraudulent Transfer Claims**

In addition to claims to avoid preferential transfers, the trustee's complaint seeks to avoid alleged fraudulent transfers incurred within the two-year period prior to the petition date of the debtor.  In response, the Movants contend that the trustee's claims to avoid alleged fraudulent transfers fail to satisfy necessary pleading requirements.  Section 548 of title 11 allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the date of the filing of the petition.  11 U.S.C. § 548(a)(1).  Such transfers may be founded on actual fraud or constructive fraud.  <u>Id.</u> § 548(a)(1)(A), (B).  Under § 548(a)(1), a transfer is avoidable if it was either actually fraudulent in that it "(i) had at its purpose an intent to hinder, delay or defraud the debtor's creditors," or that it was constructively fraudulent in that it "(ii) was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with a reasonably equivalent value in exchange for the item transferred." 5 <u>Collier on Bankruptcy</u>, ¶ 548.01 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.). The Movants allege that the trustee's fraudulent transfer claims must be dismissed for failure to plead sufficient facts to support either actual or constructive fraud.

First, the Movants contend that the trustee's complaint fails to satisfy the heightened pleading standard for actual fraud provided in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires

11

a party alleging fraud to "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009.  However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.  A claim alleging an actual fraudulent transfer under § 548 must satisfy the particularity requirement of Rule 9(b).  See In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)).  The Movants argue that the trustee's complaint fails to identify and describe the fraudulent circumstances on which the trustee's claims are founded.  In response, the trustee admits that his claims to avoid fraudulent transfers under § 548(a)(1)(A) are subject to the Rule 9(b) standard for pleading but argues that the particularity requirement of Rule 9(b) should be relaxed because he is a third party with secondhand knowledge and limited access to information at the pleading stage.

      The court finds that the trustee's claims to avoid actual fraudulent transfers pursuant to § 548(a)(1)(A) satisfy the particularity requirement of Rule 9(b).  The trustee's complaint asserts that the debtors used a bank account in the name of a non-debtor entity, Meadows II, for the purpose of avoiding claims of creditors.   In addition, the trustee's motion to amend complaint alleges that the debtors acted to hinder creditors from attaching or garnishing the debtors' bank accounts, including the Internal Revenue Service, which allegedly notified the debtors of its intent to levy and garnish their accounts.  The court finds that the allegations in the trustee's complaint and motion to amend complaint comply with Rule 9(b)'s pleading requirements for actual fraud.

      Second, the Movants contend that the trustee has failed to sufficiently plead allegations of constructive fraud pursuant to § 548(a)(1)(B).  Section 548(a)(1)(B) allows for the avoidance

12

of certain transfers in which the debtor "received less than reasonably equivalent value" and either (I) was or became insolvent on the date of the transfer; (II) became insufficiently capitalized following the transfer; (III) intended to incur debts that would be beyond its ability to repay; or (IV) made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business. 11 U.S.C. § 548(a)(1)(B). Rule 9(b) does not apply to claims for avoidance of constructively fraudulent transfers because such claims are not based on actual fraud but instead rely on the debtor's financial condition and the sufficiency of consideration provided by the transferee. In re Derivium Capital, LLC, 380 B.R. 429, 439 (Bankr. D.S.C. 2006) (citing In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006)). Rather, § 548(a)(1)(B) claims must satisfy the heightened pleading standard adopted by the Supreme Court in Twombly and Iqbal. It follows that claims to avoid constructively fraudulent transfers must assert factual allegations which show that relief is plausible.

The trustee's complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors "received less than reasonably equivalent value in exchange from the defendant for such fraudulent transfer." The complaint also alleges that these transferors were "insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfer." The court finds that the trustee's allegations mirror the elements of § 548(a)(1)(B). However, the trustee fails to support such allegations with sufficient factual assertions. Missing from the complaint is an identification of the consideration received by each transferor, information as to why the value of such consideration was less than the amount transferred, and facts supporting the debtors' insolvency at the time of the transfer. In the absence of such factual assertions, the trustee's claims based on constructive fraud fail to meet the heightened pleading standard.

### 3. Motion to Amend and Relate Back

For the reasons set forth in Part 3 of the court's opinion in the related case <u>Angell v. BER Care, Inc.</u>, No. L-08-000174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009), the court shall grant the trustee's motion to amend and relate back.

### 4. Motion for Severance of Claims

For the reasons set forth in Part 4 of the court's opinion in the related case <u>Angell v. BER Care, Inc.</u>, No. L-08-000174-8-JRL (Bankr. E.D.N.C. Jul. 23, 2009), the court will first address the trustee's claims under §§ 547 and 548 to avoid alleged preferential and fraudulent transfers to immediate transferee Stanley F. Brunson, Jr., using an account in the name of "Meadows II." Participation in this first stage by defendants other than Brunson shall be discretionary. Once the issues in the first stage have been decided, any claims to recover transfers pursuant to § 550 will be adjudicated.

### 5. Conclusion

Based on the foregoing,

(1) The Movants' motions to dismiss the trustee's claims to avoid alleged preferential transfers are GRANTED. The Movants' motions to dismiss the trustee's claims to avoid alleged fraudulent transfers under § 548(a)(1)(B) are GRANTED. However, the court grants permission for the trustee to re-plead his claims against the defendants under the pleading standards expressed in this order.

(2) The Movants' motions to dismiss the trustee's claims to avoid alleged fraudulent transfers under § 548(a)(1)(A) are DENIED. The court finds that the trustee has alleged sufficient information to satisfy the pleading standard for actual fraud provided in Rule 9(b).

(3) The motion to sever claims is GRANTED in part. The trustee's claims for recovery of transfers under § 550 are stayed pending adjudication of the claims to avoid transfers to Brunson and the bank account under the name "Meadows II" pursuant to §§ 547 and 548. Once the issues regarding avoidance of transfers to Brunson and Meadows II have been decided, the claims remaining against the defendants under § 550 shall be adjudicated.

"END OF DOCUMENT"